UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER JACKSON,

       Petitioner,

v.

DIVISION OF HEARING AND APPEALS
and DEPARTMENT OF CORRECTIONS,

       Respondents.

Case No. 13-CV-751-JPS

ORDER

  On July 1, 2013, petitioner Christopher Jackson ("Jackson") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After pleading guilty in Milwaukee County Circuit Court, Jackson was convicted of misappropriation of identity to obtain money. Jackson was sentenced to two years and six months imprisonment, and later released. After his release, Jackson was arrested and charged with possession of marijuana in Milwaukee County Circuit Court case number 2013-CF-1183. (*See* Docket #1, Ex. D). This later arrest also apparently resulted in a revocation of Jackson's supervised release term on the misappropriation conviction. (*See* Docket #1, Ex. B). Jackson is currently being held on both the revocation and recent substantive criminal charges. (*See* Docket #1, Ex. D). He filed this habeas petition seeking release because Wisconsin has not yet held his revocation hearing, despite the fact that more than 50 days have passed between Jackson's initial detention and final revocation hearing, contrary to Wis. Stat. § 302.335(2)(b). At this point, Jackson's final revocation hearing has not yet been held, but is scheduled to take place on July 24, 2013. (Docket #1, Ex. B-2). Despite Jackson's predicament, this Court lacks jurisdiction to over his

habeas petition and, therefore, must simultaneously deny it and dismiss the case.

The Court may entertain habeas petitions for persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Simply put, Jackson's custody is not the result of a state judgment. In fact, there has not yet been a judgment of revocation. Furthermore, Jackson's custody also results from his pretrial detention on the newer drug possession charges; there also is not a judgment yet in that case. Therefore, the Court is entirely without jurisdiction to hear this habeas petition under 28 U.S.C. § 2254(a).

Furthermore, even if there were a state judgment in place, the Court still would be required to dismiss this matter under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

Here, Jackson has not exhausted his available state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991).

Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Jackson simply has not taken *any* action in the state courts challenging his revocation confinement. Therefore, he cannot possibly have provided them "a full and fair opportunity to review" his claims, as is required to meet the exhaustion requirement. *See Farrell*, 939 F.2d at 410. Accordingly, dismissal of this matter is appropriate.

Finally, the Court notes that, even if it were to allow Jackson's petition to escape dismissal at this stage, it would be extremely unlikely for Jackson to obtain relief on the merits of his case. While it is true that he is being held beyond Wisconsin's statutorily-suggested time for a final revocation hearing to be held, that time period is purely discretionary. *See, e.g.*, *Johnson v. Hompe*, No. 08-CV-613-LA, 2009 WL 3422828, at *2 (Oct. 22, 2009 E.D. Wis.) (citing *State ex rel. Jones v. Div. Adm'r, State, Div. of Hearing & Appeals*, 195 Wis.2d 669, 536 N.W.2d 213 (Ct.App.1995); *DaimlerChrysler v. LIRC*, 299 Wis.2d 1, 727 N.W.2d 311, 2007 WI 15; *Wainwright v. Goode*, 464 U.S. 78, 84, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983)). Thus, the fact that he did not receive his hearing within the applicable time frame is largely irrelevant. The only constitutional claim he would have is that his revocation hearing was not held in a reasonable time after he was taken into custody. *See, e.g. Morrissey v. Brewer*, 408 U.S. 471 (1972); *Barker v. Wingo*, 407 U.S. 514 (1972). To determine whether the hearing was held within a reasonable time, the Court would

need to look to the length of the delay, the reasons therefor, whether Jackson asserted a right to a prompt hearing, and whether he suffered prejudice as a result of the delay. *See Hanahan v. Luther*, 693 F.2d 629, 634 (7th Cir. 1982). Two of those factors weigh heavily in favor of a finding that the hearing was held within a reasonable time: given that Jackson's confinement is not solely due to the revocation hold, but also is attributable to the pending possession charge, there is a good reason for the delayed revocation hearing and Jackson is not suffering prejudice from the delay. For those reasons, even if the Court were to reach the merits of Jackson's claim, it would likely be necessary to deny it at that time.

For all of these reasons, the Court will deny Jackson's petition and dismiss this case without prejudice.

Finally, under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the applicant must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should be issued, additional arguments are not necessary here. As discussed extensively above, no reasonable jurist would find it debatable that Jackson's petition does not make any showing—let alone a substantial showing—of a violation of a

constitutional right. As a consequence, the court must deny a certificate of appealability as to the petitioner's petition.

Accordingly,

IT IS ORDERED that Christopher Jackson's petition for a writ of habeas corpus (Docket #1) be and the same is hereby DENIED, and this action be and the same is hereby DISMISSED without prejudice; and

IT IS FURTHER ORDERED that a certificate of appealability as to petitioner's petition be and the same is hereby DENIED.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge